UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAYTON CANGELOSI | CIVIL ACTION |
| VERSUS | NO. 20-2301 |
| SIZZLING CAESARS LLC | SECTION "L" (1) |

## ORDER & REASONS

Before the Court is Defendant Sizzling Platter LLC[1]'s Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. R. Doc. 10. Plaintiff opposes the motion. R. Doc. 16. Having considered the applicable law and the parties' arguments, the Court now rules as follows.

I.  **BACKGROUND**

This case arises from an incident at a Little Caesars Pizza in Westwego, Louisiana.[2] Plaintiff Clayton Cangelosi, appearing *pro se*, filed suit against Defendant based on an employee's request that Cangelosi wear a mask in compliance with Governor John Bel Edward's Statewide Mask Mandate, issued on July 11, 2020. R. Doc. 1-1 at 1-2. Cangelosi alleges that Little Caesars denied him service, despite his insistence that a medical condition prevents him from wearing a mask, therefore exempting him from the mandate.[3] *Id*. According to the Complaint, the manager requested that Cangelosi provide a doctor's note to verify his condition, and Cangelosi refused. *Id*.

Cangelosi alleges two constitutional claims: (1) violation of his constitutional right to

---

[1] Sizzling Platter is erroneously named as Sizzling Caesars LLC.
[2] The Court is unable to ascertain the date on which the event occurred. Plaintiff alleges the incident occurred on August 18, 2020 at 5:00 pm; however, the Complaint was filed on August 17, 2020.
[3] Section 4 of the Emergency Proclamation 89 JBE 2020 provides that "every individual in Louisiana shall wear a face covering over the nose and mouth when inside a commercial establishment or other building or space open to the public, whether indoor or outdoor." The proclamation contains a variety of exemptions, including that "the requirement does not apply" to "an individual with a medical condition that prevents the wearing of a face covering." *Id*. § 4(B)(3).

1

privacy and (2) violation of his right to make personal medical decisions. *Id*. at 19-20. He also vaguely asserts that Defendant's actions violated the Americans with Disabilities Act ("ADA"). R. Doc. 1 at 3. Additionally, he alleges, without factual support, that wearing a mask increases the chance of contracting COVID-19 and would reduce his ability to fight the virus should he be infected. *Id*. at 19. Cangelosi now seeks $1,500,000.00 in damages for "emotional distress and humiliation" for being asked to leave the restaurant due to his refusal to wear a mask. *Id*. at 20. He also asks the Court to award him attorneys' fees and costs. *Id.*

Defendant now moves for dismissal pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff lacks standing and has failed to plead sufficient facts to state a claim against Sizzling Platter. R. Doc. 10-1.

## II.    LAW & ANALYSIS

### A. Legal Standard

A case may be dismissed "for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When ruling on a motion under Rule 12(b)(1), a court may consider "(1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the Court's resolution of disputed facts." *Cangelosi v. Sheng*, No. 20-1989, 2020 WL 5960682, at *2 (E.D. La. Oct. 8, 2020); *see also Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

Article III of the Constitution limits the jurisdiction of the judiciary to "cases" or "controversies." U.S. Const. art. III, § 2. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual

cases or controversies." *Daimler Chrylser Corp. v. Cuno*, 547 U.S. 332, at 341–42 (2006) (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 37 (1976)). To establish Article III standing, a plaintiff must show (1) he has suffered an "injury in fact" which is "an invasion that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The party asserting jurisdiction bears the burden of establishing standing. *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).

A defendant may also seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). But the Court is not bound to accept "as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. et al. v. Twombly*, 550 U.S. 544, 545 (2007)). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678.

    B. Discussion

        1. *Lack of Standing under 12(b)(1)*

Cangelosi fails to establish this Court's subject-matter jurisdiction because he does not demonstrate an "injury-in-fact" or any "invasion of a legally protected interest." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The Court concurs with the standing analysis conducted by other judges of this Court in similar cases filed by Plaintiff.[4] *Cangelosi v. Sheng*, No. 20-1989, 2020 WL 5960682, at *2 (E.D. La. Oct. 8, 2020); *Cangelosi v. Edwards*, No. 20-1991, 2020 WL 6449111, at *4 (E.D. La. Nov. 3, 2020). As discussed in more detail below, Plaintiff's fatal flaw is that he cannot prove the injury-in-fact element of standing because the Defendant, whose conduct allegedly caused the deprivation here, is a private business, not a state actor whose conduct would be limited by the constitution in this instance. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (discussing the judicial obligation to ensure that the conduct allegedly causing the deprivation of a federal right be "fairly attributable" to the State).

Moreover, Cangelosi does not allege facts that show Sizzling Platter violated his constitutional right to privacy or right to make personal medical decisions. Nothing in the Complaint explains how the request to wear a mask injured his constitutional right to privacy. *See Cangelosi v. Sheng*, 2020 WL 5960682, at *2 (citing *Plante v. Gonzalez*, 575 F.2d 1119, 1123 (5th Cir. 1978)) (discussing the right to privacy which extends only to intimate decisions, usually connected with the family). Similarly, while it is true that a "competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment," as noted by the Court in *Cangelosi v. Sheng*, Plaintiff does not show how the mask requirement "forces unwanted medical treatment upon him." *Id*. at *3. Even if wearing a mask constitutes a "medical treatment," Plaintiff is free to refuse that treatment by not entering businesses that require masks during a

---

[4] Plaintiff filed suit against Jefferson Parish President Cynthia Lee, challenging the mask mandate set forth in Proclamation Number 10 CLS 2020. Plaintiff also filed suit against Governor John Bel Edwards, challenging the face covering order contained in Proclamation 89 JBE2020.

4

pandemic. *Id.* Because Plaintiff has not demonstrated an injury-in-fact that can be redressed by this Court, the case must be dismissed under Rule 12(b)(1).

### 2. *Failure to State a Claim under Rule 12(b)(6)*

Even if Plaintiff had Article III standing, he fails to state a claim for relief under any legal theory. "Most rights secured by the Constitution are protected only against infringement by governments." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). Plaintiff's claims suffer from the "common misconception that constitutional rights are enforceable against private businesses and individuals." *Ingram v. Regal Cinema Theater*, No. 1:15-CV-146, 2015 WL 8968179, at *2 (S.D. Ga. Dec. 15, 2015). Section 1983 provides a remedy against private actors if the deprivation of federal rights takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," more commonly known as the "under color of state law" requirement. 42 U.S.C. § 1983.

Assuming that the Sizzling Platters' employees could be considered state actors for the purpose of requiring the plaintiff to wear a face covering, which the Court concurs is "a specious proposition at best," asking Plaintiff to wear a mask does not violate any right guaranteed by federal law. *Cangelosi v. Edwards*, No. CV 20-1991, 2020 WL 6449111, at *5 (E.D. La. Nov. 3, 2020). "A private business owner may refuse service to any person for any non-discriminatory reason." *Id.* at *4. Here, it appears that Plaintiff was deeply offended by Defendant's employee asking for a medical note to verify his medical exemption. Plaintiff believes this was improper because the governor's proclamation provides that operators of businesses are entitled to rely on the representations of customers regarding whether or not they qualify for an exception to the face covering requirements. The mere fact that the Sizzling Platter employee chose not to rely on Mr. Cangelosi's representations regarding his medical condition, going beyond the requirements of the

governor's mandate, does not give rise to any claim here.

Despite Plaintiff's personal beliefs to the contrary, masks have proven an effective tool in slowing the spread of the COVID-19 virus.[5] That a business would choose to require its patrons to don masks before entering their establishment may very well have more to do with protecting employees and other patrons than with the mandate contained in the proclamation. A private business is free to take more precautions on face coverings that those that the state or local government requires. Thus, no federal right was violated when the employee inquired further about Plaintiff's medical condition and Plaintiff refused to respond.

Lastly, Plaintiff has not pled any facts to indicate that he is a qualified individual with a disability under the ADA or that Sizzling Platter discriminated against him due to a disability. Relevant to Plaintiff's complaint, the ADA prohibits discrimination against people with disabilities in places of public accommodation. 42 U.S.C. § 12182(a). Plaintiff simply objects to the Sizzling Platter's mask policy instead of alleging what his disability is. Thus, Plaintiff has not stated prima facie claim under the ADA.

## III.  CONCLUSION

Federal courts generally hold *pro se* petitioners to less stringent standards than those required of petitioners represented by counsel. *See Ominski v. Northrup Grumman Shipbuilding, Inc.*, 466 F. App'x 341, 345 (5th Cir. 2012) (affording the plaintiff "the leeway to which she is entitled as a *pro se* petitioner"); *see also, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (holding the allegations of a *pro se* complaint to "less stringent standards than formal pleadings drafted by

---

[5] As explained by the CDC, "[e]xperimental and epidemiological data support community masking to reduce the spread of SARS-CoV-2. The prevention benefit of masking is derived from the combination of source control and personal protection for the mask wearer." *See Scientific Brief: Community Use of Cloth Masks to Control the Spread of SARS-CoV-2*, CTRS. FOR DISEASE CONTROL AND PREVENTION, (Nov. 20, 2020), https://www.cdc.gov/coronavirus/2019-ncov/more/masking-science-sars-cov2.html (Nov. 20, 2020) (collecting studies demonstrating effectiveness of masks in reducing spread of COVID-19).

lawyers"). However, dismissal is proper in this case because no amendment will cure the factual defects in the Complaint to give rise to an actionable claim against Sizzling Platter. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 fn. 6 (5th Cir. 2000) (noting that Court should allow leave to amend unless "defect is simply incurable.").

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, R. Doc. 10, is **GRANTED**, and the case is **DISMISSED.**

New Orleans, Louisiana this 26th day of January, 2021.

_____
UNITED STATES DISTRICT JUDGE